*848 The opinion of the court was delivered by
Bermudez, O. J.
This is an application for a mandamus, coupled with a restraining order.
The relators complain that the District Judge has illegally declined to allow them a suspensive appeal from an order which he has made, whereby a sequestration, issued at their instance and executed against the defendant in the case, was dissolved on his furnishing bond for a stated amount; the debtor thereby resuming control of the property seized, and that said judge refused to entertain and pass upon a motion offered by them to rescind said dissolving order and to allow them an appeal from such refusal. They aver that the execution of the dissolving order, the refusal of the judge to determine the motion to rescind and to grant the appeal asked will cause them irreparable injury.
They pray for a mandamus, and meanwhile for a restraining order. Appropriate action was taken on this ex parte showing.
Subsequently, the process of this court having reached the judge after the dissolving order had been carried out, and the defendant left in possession, the relators complained that the judge refused to reinstate the sequestration and prayed for specific instructions to him to that end; but this demand was, for good reason, not granted.
The substantial facts which the averments, the return and the documents accompanying both disclose are the following:
Bloch, a merchant, alleging himself fully above all his liabilities, which for the time he acknowledged himself unable to meet, stated a balance of his assets and debts and applied for a respite. An order was made convoking a meeting of his creditors and staying proceedings against his person and property.
The relators, claiming to be his creditors for some §5000, and charging their apprehensions that he would, previous to the action of the creditors, take advantage of his possession of his assets to place them beyond their reach, or dispose of them to their injury, prayed for a sequestration, which was ordered to issue and which was executed.
Upon application, shortly after made by Bloch, the District Judge dissolved the sequestration on his furnishing bond and security for §33,000, possession,' however, to be delivered by the sheriff only-after an inventory and appraisement of the effects seized. The *849 property having been inventoried and appraised at some $20,000 the required bond was furnished and the defendant continued in possession.
The plaintiffs then moved to rescind the dissolving order, but the judge declined to pass upon it, alleging want of authority to do so at chambers out of term time.
The plaintiffs then applied for an appeal from the dissolving order ■and from the refusal of the judge to pass upon the motion to rescind.
The District Judge returns to justify his condact, urging that none of his acts can cause the relators an irreparable injury.
The controlling question to be determined is whether the relators are entitled to a suspensive appeal from thp order dissolving the sequestration on bond.
They claim that the execution of this dissolving order will cause them irreparable injury, for the reason that, as the judge had no right to make the order, or did so in direct violation of law, the bond furnished by the defendant in the writ is an absolute nullity, not binding on the securities therein, and on which no recovery could be had against them in case the property released should not be produced when ordered to be so. ■%,
This proposition necessitates an inquiry into the correctness of the dissolving order.
The relators contend that the article of the Oode of Practice, by which a defendant is allowed to dissolve a sequestration executed on his property, forbids such dissolution in a case like the instant one. That Article 279 reads as follows: “A defendant against whom a mandate of sequestration has been obtained, except in cases of failure, may have the same set aside by executing his obligation in favor of the sheriff, with one good and solvent surety, for whatever amount the judge may determine as being equal to the value of the property to be left in his possession.”
The relators contend that, as Bloch was in failing circumstances, he could not claim the privilege of bonding, and that, by allowing it to him, the District Judge contravened the law.
In support of their proposition they refer to Art. 3556, par. 2, of the R. C, C., which defines the word failure as follows: “Failure signifies the situation of a debtor who finds himself in the impossibility of paying his debts.”
*850 They further invoke what was said by this court in the case of Kennedy vs. Bank, 36 An. 15.
“ A merchant who ceases or suspends his payments is in a state-of failure. O. N. 457. Hence, when one is unable to pay all his debts, he is, in a legal sense, in failing or insolvent circumstances.”' R. O. O. 3556, Nos. 11 and 26.
In further support of the proposition they refer to Article, R. O. 0., 3084, which says that “a respite is an act by which a debtor,, who is unable to satisfy his debts at the moment, transacts with his creditors and obtains from them time or delay for the payment of the sums which he owes to them.”
They take pains to trace this article back to the Oode of 1808, Title XVI, treating of respite, Art. 1, p. 438, which defined a respite to be “ an act by which a debtor who has failed, or is in such failing circumstances as to render his failure unavoidable, or is in the impossibility to satisfy his debts at the time they are due, transacts with his creditors and obtains from them time or delay for the payment of the sums which he owes them, and even sometimes the ’•emission of part of said debts.”
They also refer to Article 2170 of the R. O. 0., which declares that “the surrender of property is the relinquishment which a debtor makes of all his property to his creditors when he finds himself unable to pay his debts.1 ’
They therefore contend that, as Bloch was unable to pay his debts, he was in failing circumstances, and that the privilege of dissolving the sequestration being denied him by Article 279 of the O. P., the judge transgressed the law, and the bond furnished is a nullity, on which no recovery could be had against the sureties should the property not be forthcoming when ordered to be produced.
Those conclusions are unwarranted, either by law or by jurisprudence.
In the Kennedy case, 36 An. 15, the court had occasion to refer to-the definition of the word failure found at the end of the code. Art. 3556, No. 11.
It said: “ The word failure used in the code signifies the situation of the debtor who finds himself in the impossibility of paying his debts. Solvency is the ability to pay one’s debts. He who can not pay all of his debts is not solvent.” R. C. C. 3556, Nos. 11, 26.
*851 The definition of respite, in the Oode of 1808, was modified by the-compilers of the Oode of 1825, by eliminating from it any language or word suggestive of a failure in the sense of insolvency, and by-shaping it so as to mean only a relative temporary inability on the part of the debtor to meet all his engagements at the moment.
Hence it is that one who applies for a respite is deemed solvent; while one who makes a cession, or surrender of his property to his. creditors, because of the absolute impossibility in which he finds himself of paying at all his debts, is considered insolvent.
Surely, in both cases of respite and of cession or surrender, the debtor is a bankrupt; but with this difference, however, that in the-first case he is solvent, while in the second he is insolvent.
The solvency of the applicant for a respite — that is his ability to-pay his debts — is presumed, while the insolvency of the applicant, for a cession or surrender is assumed as a certainty.
In the case of Seixas vs. Citizens Bank, 88 An. 425, this court has had occasion to inquire into the meaning of the word failure as defined in the codes, in the statutes and in the jurisprudence, and in the course of an elaborate opinion has declared it to be (pp. 440, 444) “ a judicial failure, or judicially declared insolvency,” and “ insolvency judicially recognized and declared.”
It therefore follows that the word failure, found in Article 279, O. P., means a judicially declared insolvency, and that it is only where a defendant in a sequestration suit has been judicially declared to be insolvent that the privilege of dissolving the sequestration on bond is not allowed him.
A different interpretation would defeat the beneficial effects which the law accords to the unfortunate, but honest, solvent debtors who seek the indulgence of their creditors for delay.
Indeed, how could such debtors obtain relief, were greedy and unmerciful creditors to sequester their property, and were they denied the privilege of releasing it from seizure by furnishing a good and valid bond, with satisfactory security, to warrant its production whenever required?
Evidently they could not rehabilitate their credit and honor their engagements unless they had possession of their property.
It is no argument against the soundness of the interpretation thus given of the word failure in the article of the Oode of Practice to say that it can not mean a judicially declared insolvency, because a *852 ■sequestration does not issue against an insolvent bankrupt, as by the cession he relinquishes his assets to his creditors, and has no interest in releasing them from seizure. *
Possibly the proposition in the abstract may be correct; but it must be considered that a sequestration may have issued against one ■ before his cession, and that it is in such eases that the debtor is not allowed, after the cession, to come forward and fraudulently to dissolve the sequestration; for this right could only be exercised by the representatives of the insolvent and of his creditors.
We are, therefore, led to the conclusion that, as Bloch was not excluded by the provisions of the article of the Code of Practice, '279, he had the right to bond the sequestered assets; that the judge did not err in permitting him to do so, and 'that the bond furnished is therefore unquestionably a valid bond, on which recovery can be had, should the bondedp roperty not be produced when required to be‘so.
We must not be understood, however, as saying that, even if the bonding had been unauthorized, the sureties on the bond, who have -assisted their principal in obtaining possession of property, would not be liable on the bond, should the property not be delivered when required so to be.
We, therefore, conclude that, as the execution of the bond furnished to dissolve the sequestration can not cause the relators an irreparable injury, as any damage which they might sustain could be compensated with dollars and cents, the District Judge was right in refusing to grant the suspensive appeal sought.
This view of the case dispenses us from passing upon the complaint in the petition, that the District Judge has illegally declined to allow an appeal firom his refusal to entertain and determine the motion to rescind, which was based on the grounds set forth to assail the right of Bloch to bond the sequestration, the more so, as, in their brief, the relators did not allude to this refusal, and by not insisting •on their right to an appeal from it, are deemed as having abandoned it.
It is, therefore, ordered that the preliminary restraining order herein made be rescinded and that the application for a mandamus ■be refused at cost of relators.